GEORGE S. TURNER v. THE STATE OF TEXAS.

1. While the court is reluctant to depart from the rule upholding verdicts supported by any reasonable evidence, the gross injustice which too often invades life, liberty and property, in the form of verdicts, cannot be overlooked.
2. See this case for evidence held insufficient to support conviction.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The defendant was indicted at the November term, 1870, of the District Court of Fayette county, for the theft of two oxen, of the value of twenty dollars each. The jury found the defendant guilty, and assessed a fine of one hundred dollars, and imprisonment in the county jail for twelve months.

On the trial Dan Munn, the alleged owner of the property, testified that on or about the fourteenth of November he was the owner of the oxen, one brown and the other speckled. The brown ox was gentle to work, about six years old, branded N M plain on the left shoulder, and marked swallow-fork in each ear. The speckled ox was not branded. Wanting to work them, witness went out in their usual range, but after hunting a day or two

and not finding them, was informed that they had been seen in the possession of parties gathering cattle for Turner, and afterwards in the possession of Turner near Brushy creek stage-stand, on the Columbus road, about twelve miles from Columbus. Witness, with his brother, John Munn, then went to Columbus, to the beef packery, and there learned that Turner had that day sold his herd, consisting of some twenty-seven or thirty head, to the packery. Asking to see the hides taken from the herd, which had been slaughtered only a few hours previously, they were shown a pile of hides, after examining which they discovered what was believed to be the hide of the brown ox, and taking some water and a broom they removed the fresh blood and sand from the hide, when the brand N M appeared distinctly on the right shoulder. The speckled ox returned to his range about ten days after the driving.

John Munn testified to substantially the same facts, but in addition stated that he lived on defendant's place, and had been requested by several of the neighbors to keep a look-out for their cattle, and let them know if any were put into Turner's herd, but witness refused to do so because he was at work at Turner's saw-mill.

Defendant proved by the hands gathering the cattle that the speckled ox was claimed by W. B. Breeding, for his sister-in-law, and that when defendant first saw the brown ox in the herd he stated he did not believe the ox belonged to him. The hands insisted the ox did belong to Turner, and he, still doubting, permitted the ox to remain in the herd and drove him to Columbus and sold him.

*J. R. Burns,* and *Long & Oatman,* for appellant.—In any case, if there be any fair pretense of property or right in the prisoner, or if it be brought into doubt at all, the

court will direct an acquittal; for it is not fit that such disputes should be settled in a manner to jeopardize men's liberties or reputation. (1 East. P. C., 659, 661.)

If the taking be wrongful, but not fraudulent, it is not larceny, but is only trespass.    *    *    Thus, if it should appear that the prisoner took the prosecutor's goods openly, in his presence or the presence of other persons, and not by robbery; or if he seized them upon a real claim of title. (3 Greenl. on Evi., Redfield's edition, Sec. 157, and note 1; 2 Wharton, C. L., Sec. 1769; Bish. C. L. See the various authorities referred to by the foregoing text writers.) In a case lately decided in the Supreme Court of North Carolina the court holds this emphatic language: "Stealing implies stealth. Felonious intent cannot be inferred from an act done under color of right and without fraudulent concealment." (State v. Deal, 64 North Carolina, 270.) The following authorities fully sustain our position: Herber v. The State, 7 Texas, 69; Isaacs v. The State, 30 Texas, 450; Bullard v. The State, 30 Texas, 367; Thurman v. The State, 33 Texas, 684; Gardiner v. The State, 33 Texas, 692.) In Herber's case, (7 Texas, 69), the court say: "There was not the slightest evidence of any attempt at concealment, which is the first and most important element of larceny; and the evidence shows conclusively that it was an open and an avowed claim of property." Language more appropriate to the present case could not possibly be used. In Bullard's case, at page 372, the court say: "If he took the property under such circumstances, having, from its resemblance, good reason to believe that it was his property, he cannot be guilty of a crime, if he was honestly mistaken.."

*Attorney-General*, for the State.

WALKER, J.—The indictment in this case charges the

theft of two oxen, each of the value of $25, the property of Daniel Munn.

It is somewhat singular that there is no evidence whatever to inculpate the appellant in the theft of one of the oxen, but the witnesses for the State exonerate him entirely.

The inquiry naturally arises, where was the witness, or were the witnesses, who testified before the grand jury, Jefferson Alexander, George Alexander, Wm. Painer and David Munn?

All of these witnesses, except Jefferson Alexander, were examined by the State on the trial, and yet none of them give evidence to show that the appellant had anything whatever to do with a spotted ox, that was turned out of the pen and went back on the range; this ox was never sold by Turner, nor in any way appropriated to his use by him. And now as to the evidence touching the brown ox, claimed to have been sold at the packing house, it is enough to say that the evidence does not support this verdict.

When all the evidence in the case is considered it is but just to the appellant to say that there is nothing to sully the honor and integrity of an honest man, much less to prove the guilt of the appellant beyond a reasonable doubt. A new trial should have been granted, or the cause dismissed.

We have hitherto admonished the District Courts upon their refusal to grant new trials in cases like the one at bar. Any departure from our own rule in upholding verdicts supported by any reasonable amount of evidence will be most reluctant; but we cannot close our eyes upon that gross injustice which too often invades life, liberty and property, in the form of verdicts, which, if supported at all by evidence, are predicated upon evidence

which should not have a feather's weight in the minds of just and sensible men, acting upon their oaths.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.